AO 247 (NC/W 03/08) Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ARMONDO ALVARADO-QUEZADA ) | Case No: 3:03CR231-03 |
| a/k/a(s) "Jimmy" and Jaime Humberto Perez ) | |
| True Name: Jaime Humberto Perez Barragan ) | USM No: 19433-058 |
| Date of Previous Judgment: November 3, 2005 ) | Pro Se (previously Lucky Osho) |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
■ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)
Previous Offense Level: 31           Amended Offense Level: 31
Criminal History Category: VI        Criminal History Category: VI
Previous Guideline Range: 188 to 235 months    Amended Guideline Range: 188 to 235 months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
■ Other (explain): The application of Amendment 706 results in no change to the Base or Total Offense Levels or the advisory guideline range since the defendant was not held accountable for crack cocaine, only cocaine hydrochloride (powder cocaine) and marijuana. Therefore, no reduction in the defendant's sentence is warranted.

**III. ADDITIONAL COMMENTS**
Note: As of this date, the November 1, 2010, amendments for crack cocaine are not retroactive; therefore, no reduction in the defendant's sentence is warranted as a result of these amendments, in addition to the fact that this case did not involve crack cocaine.

Except as provided above, all provisions of the judgment dated November 3, 2005, shall remain in effect.
**IT IS SO ORDERED**.

Order Date: May 6, 2011

Effective Date: _____
(if different from order date)

Graham C. Mullen
United States District Judge